IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION

LISA RYAN MURPHY                                                                                          PLAINTIFF
ADC #760343

V.                                    NO: 1:13CV00020 DPM/HDY

RAY HOBBS *et al.*                                                                                      DEFENDANTS


# PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District
     Judge (if such a hearing is granted) was not offered at the
     hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Lisa Ryan Murphy, an Arkansas Department of Correction ("ADC") inmate, filed a *pro se* complaint on March 4, 2013, alleging that Defendants failed to protect her from Terry Weaver and Corina Pucket. Plaintiff asserts that she was a potential witness in a criminal matter involving a family member or friend of Weaver and Puckett. Plaintiff contends that she was left in general population, rather than protective custody, and was eventually assaulted by inmate Dana Brown. On July 9, 2014, Defendants Linda Dixon, Marvin Evans, Nurzuhal Faust, Richard Guy, Ray Hobbs, Kramer Jones, John Maples, Virginia Robins, and Aundrea Weekly, filed a motion for summary judgment, a statement of facts, a brief in support, and a number of addendums (docket entries #133-#147). Plaintiff filed a response on August 12, 2014 (docket entry #149).

### **I. Standard of review**

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

Defendants assert that they are entitled to summary judgment because Plaintiff failed to exhaust her administrative remedies, because they were not deliberately indifferent to any risk to her safety, because her claims are based on an improper *respondeat superior* theory, and because they are entitled to qualified and sovereign immunity.

<u>Exhaustion</u>

Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam). The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624,

627 (8th Cir. 2003).

Plaintiff did exhaust her failure to protect claims in grievance MCP-12-00785 (docket entry #140-4). Plaintiff did not name any Defendant in the grievance, but it was accepted and decided on the merits. Even though the grievance may not have named the personnel involved as required by prison policy, the United States Court of Appeals for the Eighth Circuit has determined that such a failure is a procedural deficiency, and prison officials' acceptance and resolution of a procedurally deficient grievance serves to establish proper exhaustion. *See Bower v. Kelley*, 494 Fed.Appx. 718 (8th Cir. 2012) (unpublished per curiam). Although other cases may suggest otherwise, *see Jones v. Hobbs*, No. 12-2002 (8th Cir., January 22, 2013)(unpublished per curim), under the circumstances here, Defendants have failed to meet their burden to demonstrate that Plaintiff failed to properly exhaust her administrative remedies.[1]

Deliberate indifference

In *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), the Court held that, in order for a prisoner to recover against prison officials for failing to protect him, he must prove that: (1) "he [was] incarcerated under conditions posing a substantial risk of serious harm"; and (2) the prison official was deliberately indifferent to that substantial risk of serious harm. In defining deliberate indifference, the Court, in *Farmer,* explained:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; *the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference*.

---

[1] Plaintiff also highlighted certain portions of the ADC grievance policy which suggests that Plaintiff's claims may have not been grievable (docket entry #149, pages #13 & #14).

*Id.* at 837 (emphasis added). Additionally, the Eighth Circuit has explained that this rigorous standard of proof is appropriate because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Jensen v. Clarke*, 73 F.3d 808, 810 (8th Cir. 1996) (*citing Wilson v. Seiter,* 501 U.S. 294, 297 (1991)).

Plaintiff alleges that she is a potential witness in a double homicide, and that inmates Terry Weaver and Corina Puckett are either family members or friends of the person who committed the murders. Plaintiff asserts that the prosecuting attorney involved in the homicide made it clear that she should never be around Weaver or Puckett. Despite this history, according to the complaint, when Plaintiff arrived at the ADC in late November of 2011, she was placed into the general population and her life has been threatened by either Weaver, Puckett, or one of their friends. Applying the standards set forth in *Farmer*, it is clear that Plaintiff can demonstrate no deliberate indifference. Since April 4, 2011, Plaintiff has been on an offender separation alert, and has been housed in a different area from Weaver and Puckett. Plaintiff has never been in an altercation with either Weaver or Puckett (docket entry #141-2, page #5). Although Plaintiff asserts that prosecutor Eddie Easley wrote prison officials a letter requesting that she be kept in protective custody, the evidence indicates that Easley advised her in an October 12, 2007, letter that if she wanted to be placed into protective custody, she needed to talk to officials at her unit (docket entry #141-4, page #17).[2] Thus, there is no evidence that Plaintiff is incarcerated under conditions posing a substantial risk of serious harm.

---

[2]In her deposition, Plaintiff claimed there is another Easley letter saying she should be in protective custody, but she did not provide such a letter in her response. Additionally, Plaintiff testified that the letter would have predated the 2007 letter which is part of the record (docket entry #141-2, pages #1 & #2).

Even if Plaintiff had been incarcerated under dangerous conditions, there is no evidence that any Defendant was deliberately indifferent to any risk she faced. Plaintiff stresses her conflicts with Weaver and Puckett, but the altercation at issue in this matter involved a different inmate. Plaintiff generally alleges that Weaver and Puckett have friends in the housing area with her, but there is no evidence that Plaintiff ever identified Brown as being a threat to her safety. Plaintiff also claims that she was poisoned by another inmate, but she could not say for sure who (docket entry #141-2, page #13). There is no evidence she reported a prison poisoning incident to medical personnel.[3] Plaintiff's general allegations that she is in danger while she is housed in the prison's general population is insufficient to establish deliberate indifference to a risk she faces. Accordingly, Defendants are entitled to summary judgment.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. The motion for summary judgment filed by Linda Dixon, Marvin Evans, Nurzuhal Faust, Richard Guy, Ray Hobbs, Kramer Jones, John Maples, Virginia Robins, and Aundrea Weekly (docket entry #133) be GRANTED, and Plaintiff's complaint be DISMISSED.

2. Plaintiff's complaint be DISMISSED WITH PREJUDICE with respect to her claims against Defendants Dixon, Evans, Faust, Guy, Hobbs, Jones, Maples, Robins, and Weekly, and DISMISSED WITHOUT PREJUDICE in all other respects.

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

---

[3] Plaintiff did report that she was poisoned when she was not incarcerated (docket entry #144-1).

DATED this __19__ day of August, 2014.

_____
UNITED STATES MAGISTRATE JUDGE